NUMBER 13-08-00014-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

CARL ANTHONY JONES, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 252nd District Court of

Jefferson County, Texas.

 

MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Chief Justice Valdez
 On February 22, 2007, appellant, Carl Anthony Jones, was indicted for the offense
of robbery, a second-degree felony. See Tex. Penal Code Ann. § 29.02 (Vernon 2003). 
Jones entered into a plea agreement with the State in which he pleaded guilty to the
indicted offense in exchange for a recommendation by the State that his adjudication of
guilt be deferred and that he be placed on community supervision for seven years. See
Tex. Code Crim. Proc. Ann. art. 42.12 (Vernon Supp. 2008). On April 23, 2007, the trial
court accepted the plea agreement, deferred adjudication, and placed Jones on community
supervision. 

 Subsequently, the State moved to revoke Jones's community supervision on the
grounds that he violated the terms of his community supervision by possessing a controlled
substance--cocaine. Jones answered "true" to the allegation in the motion to revoke. The
trial court granted the State's motion, revoked Jones's community supervision, adjudicated
his guilt, and sentenced him to twenty years' confinement. Jones's court-appointed
appellate counsel has filed an Anders brief. We affirm. 

I. Anders Brief

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Jones's court-appointed
appellate counsel has filed a brief with this Court, stating that his review of the record
yielded no grounds or error upon which an appeal can be predicated. Although counsel's
brief does not advance any arguable grounds of error, it does present a professional
evaluation of the record demonstrating why there are no arguable grounds to be advanced
on appeal. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In
Texas, an Anders brief need not specifically advance 'arguable' points of error if counsel
finds none, but it must provide record references to the facts and procedural history and
set out pertinent legal authorities.") (citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex.
App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex.
Crim. App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), appellant's counsel has carefully discussed why, under controlling authority, there
are no errors in the trial court's judgment. Counsel has informed this Court that he has: 
(1) examined the record and found no arguable grounds to advance on appeal, (2) served
a copy of the brief and counsel's motion to withdraw on Jones, and (3) informed him of his
right to review the record and to file a pro se response within thirty days. (1) See Anders, 386
U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409
n.23. More than an adequate period of time has passed, and Jones has not filed a pro se
response. See In re Schulman, 252 S.W.3d at 409.

II. Independent Review Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief and have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgment of the trial court.

III. Motion to Withdraw

 In accordance with Anders, Jones's attorney has asked this Court for permission to
withdraw as counsel for appellant. See Anders, 386 U.S. at 744; see also In re Schulman,
252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas
1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must
withdraw from representing the appellant. To withdraw from representation, the appointed
attorney must file a motion to withdraw accompanied by a brief showing the appellate court
that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. 
Within five days of the date of this Court's opinion, counsel is ordered to send a copy of
the opinion and judgment to Jones and to advise him of his right to file a petition for
discretionary review. (2) See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at
412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


 ________________________

 ROGELIO VALDEZ

 Chief Justice

 

Do Not Publish. Tex. R. App. P. 47.2(b)

Memorandum Opinion delivered and filed 

this the 15th day of October, 2009. 
1. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
2. No substitute counsel will be appointed. Should appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.